UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JUAN CARDONA,

                        Plaintiff,

      - against -

UNILOCK,

                        Defendant.
--------------------------------------------------------x

06 CV 03195 (CLB)

*Memorandum and Order*

Brieant, J.

      This is an age discrimination case brought under the Age Discrimination in Employment Act of 1976 ("ADEA"), 29 U.S.C. §§ 621, *et seq*., with supplemental New York State claims. Before this Court is Defendant's motion (Doc. No. 5) to dismiss the supplemental state law claims under Fed. R. Civ. P. 12(b)(6), and for attorneys' fees and costs, filed on May 8, 2006. Opposition papers were filed on July 19, 2006, while reply papers were filed on July 5, 2006 (apparently Defendant had a copy of the opposition papers upon which to base the reply, though Plaintiff's counsel did not file them electronically until July 19, 2006). Oral argument was heard by the Court on July 21, 2006 and the matter was fully submitted for decision.

*Background/Facts:*

      The following facts are assumed to be true for the purposes of this motion only. In 1997, Plaintiff Mr. Juan Cardona was first employed by Defendant Unilock at its facility in Brewster, New York as a laborer. After approximately five and a half years of exemplary work, Mr. Cardona was promoted to the position of supervisor, a position he held for over two years.

1

As a supervisor of employees known as "tumblers", Plaintiff was responsible for managing and overseeing the work of thirteen employees, who operated sophisticated and dangerous machinery. In April 2005, Mr. Cardona was removed from his position as supervisor of these shift laborers, and replaced with a much younger man, who had no experience operating the dangerous machinery or supervising other workers, and was told that he would no longer be employed by Unilock in any capacity as of the coming October. Mr. Cardona was then demoted to a less desirable shift, supervising workers on a project of fewer hours. He was also told that he would no longer be offered day-shift status, and was relegated to manual labor, which involved shoveling large piles of dirt discharged from the machines operated by the very workers he had previously managed, and to performing other clean-up tasks. Plaintiff's hours were reduced significantly, and he did not earn the income which he had previously received as a supervisor. Plaintiff also contends that before being replaced by the younger man, he enjoyed, as supervisor, the respect and devotion of his team of workers.

On August 5, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), for what he perceived to be age discriminatory actions against him by Unilock. He received a right to sue letter on November 28, 2005. Upon receiving notice of Plaintiff's filing of an EEOC charge against Defendant, Unilock management informed Mr. Cardona that he would continue as a laborer. From that point on, Plaintiff avers that his employer deliberately humiliated him to induce him to quit his job. Plaintiff also avers that before being demoted, he had, on various occasions, pointed out certain unlawful, unsanitary conditions to the Defendant, to which Plaintiff refused to subject his workers and urged be

2

corrected by Unilock; Defendant was allegedly hostile to Mr. Cardona's recommendations and reports and refused to ameliorate the conditions.

Plaintiff asserts the following claims: 1) age discrimination in violation of the Age Discrimination in Employment Act of 1976; 2) age discrimination, in violation of the New York State Human Rights Law, N.Y. Executive Law § 296; 3) a "whistle blower" claim pursuant to N.Y. Labor Law § 740; 4) intentional infliction of emotional distress; 5) negligent infliction of emotional distress; 6) and a "whistle blower" claim, pursuant to N.Y. Labor Law § 740 (identical to claim Number 3, *supra*). He seeks a jury trial, a declaratory judgment as to his asserted claims, compensatory, punitive, and liquidated damages, back pay, front pay, and loss of fringe benefits. Defendant seeks dismissal of the state claims, and for attorneys' fees, costs, and disbursements.

*Motion to Dismiss Standard*

In considering a motion to dismiss under Rule 12(b)(6), the Court is obliged to accept the well-pleaded assertions of fact in the complaint as true and to draw all reasonable inferences and resolve doubts in favor of the non-moving party. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995). The focus of the Court's inquiry is not whether plaintiffs will ultimately prevail, but whether the claimants are entitled to an opportunity to offer evidence in support of their claims. Therefore, a motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

*Plaintiff's So Called Whistle Blower Claims (Claims 3 and 6):*

Section 740 of the New York Labor Law prohibits employers from taking any retaliatory employment action against an employee because he or she:

> Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy, or practice of the employer that is in violation of law, rule, or regulation which violation creates and presents a substantial and specific danger to the public health or safety. . . ." N.Y. Labor Law § 740.

Defendant contends that the whistle blower claims must be dismissed because Plaintiff only vaguely alleges that he complained "with regard to conditions which were hazardous . . . and in violation of New York State law," Russo Aff., Ex. A, ¶ 21, and that he "complained to his supervisors about unsafe and unhealthy working conditions for the men he supervised at the Unilock site." *Id.* at ¶ 32. The complaint, Defendant contends, fatally fails to provide factual details concerning the purported "hazardous" or "unsafe and unhealthy" working conditions, and does not allege which laws were supposedly violated. Plaintiff's counsel subsequently submitted an affidavit by Mr. Cardona, in which he names the specific law or regulation allegedly violated–those of New York State's Occupational Safety and Health Administration ("OSHA"), and puts forth allegations specific enough to defeat this 12(b)(6) motion, had they been included the complaint itself[1]; they were not. The Court is not permitted to rely on Mr. Cardona's affidavit when considering this motion, as the complaint controls. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000) ("In deciding a motion under Rule 12(b)(6), the

---

[1] In his affidavit, Mr. Cardona affirms that he expressed concern over OSHA violations which included the lack of heat for workers (putting them at risk for hypothermia), and exposure to noxious fumes from a heater. Mr. Cardona affirms that the management gave unsafe directives to operate machinery in ways causing unnecessary risk. Plaintiff also avers that OSHA conducted an inspection of Defendant's facility and allegedly cited Defendant for violating the "General Duty Clause" of the OSHA.

4

Court may consider only the facts stated on the face of the complaint, and in documents appended to the complaint or documents incorporated by reference in the complaint.") *See also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") The complaint fails to allege a whistle blower claim with the requisite particularity. Defendant's motion to dismiss the whistle blower claims (claims 3 and 6) is therefore granted, with leave to Plaintiff to file an amended complaint within twenty (20) days if so advised.

*Does the Assertion of A "Whistle Blower" Claim Under New York Labor Law § 740 Constitute Waiver of All Other State Law Claims?*

Assuming Plaintiff will replead the whistle blower claims in an amended complaint, the Court will now address whether the whistle blower claims bar his other state claims. With respect to the New York age discrimination claim brought under N.Y. Executive Law § 296, I conclude that the claim is not barred. Plaintiff's claim under N.Y. Executive Law § 296 is not based on an alleged retaliation, as his whistle blower claims are. Instead, Plaintiff alleges that he was fired because of his age. The N.Y. Executive Law § 296 claim, and the whistle blowing claim under § 740, are based on a different set of facts. Accordingly, if the complaint were replead properly, the § 296 claim would survive. *See Reddington v. Staten Island Univ. Hosp.*, 373 F. Supp. 2d 177 (E.D.N.Y. June 21, 2005) (Glasser, J.) ("plaintiff's whistle blowing and discrimination claims are based on different facts. Significantly, . . . plaintiff's age discrimination claims are not predicated on allegations of retaliation . . . .").

*Intentional and Negligent Infliction of Emotional Distress:*

The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society. *Fischer v Maloney*, 43 NY2d 553, 557 (1978); *see also, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 (1983). In *Fischer*, the New York Court of Appeals adopted the rule set forth in Restatement (Second) of Torts § 46 (1), which states that "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." The facts alleged here, even viewed in the light most favorable to the Plaintiff, do not meet this standard, and dismissal is warranted in the absence of any supporting proof. It is only claimed that Defendant was terminated, contructively or otherwise, because of his age. "Whatever may be alleged as to motivation . . . the circumstances disclosed in this record does not constitute conduct within the rule described by Dean Prosser and the Restatement." *Fischer* at p. 557. Accordingly, Defendant's motion to dismiss the intentional infliction of emotional distress claim is granted.

As for Plaintiff's claim for negligent infliction of emotional distress, it is also dismissed. In New York, recovery for accidental injuries arising out of and in the course of employment, including injuries caused by an employer's negligence, is governed by the Workers' Compensation Law. *Nash v. Oberman*, 117 A.D.2d 724 (2d Dep't 1986); N.Y. Work. Comp. Law § 1. Under New York's Workers' Compensation scheme, "psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury." *Wolfe v.*

*Sibley, Lindsay & Curr Co.*, 36 N.Y.2d 505, 510 (1975). Accordingly, Unilock's allegedly negligent actions that caused Mr. Cardona's alleged emotional distress are governed by the Workers' Compensation Law. As recovery would be available under the Workers' Compensation Law if there were a meritorious claim, Cardona is barred from bringing other negligence claims against Unilock here. *See* N.Y. Work. Comp. Law § 11. Plaintiff's negligent infliction of emotional distress claim is therefore dismissed.

*Defendant's Request for Attorney's Fees:*

Defendants move this Court for an order granting them attorney's fees under § 740(6), which provides: "A court, in its discretion, may also order that reasonable attorneys' fees and court costs and disbursements be awarded to an employer if the court determines that an action brought by an employee under this section was without basis in law or in fact." Unilock contends that Mr. Cardona's claim under § 740 is without basis in law or fact. This aspect of the motion is denied because the Court cannot conclude at this early stage, with Plaintiff being afforded the opportunity to replead, that his claim is without merit.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss (Doc. No. 5) is granted to the extent that the whistle blower claims are dismissed with leave to replead, and the emotional distress claims are dismissed. The Court declines at this time to make the finding contemplated by Rule 54(b) Fed.R.Civ.P.

SO ORDERED.

Dated: White Plains, New York
      July 24, 2006

                                                                   *Charles Brieant*
                                                                  Charles L. Brieant, U.S.D.J.